U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 0 4 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER 12-cr-00146 |
| | * | 21 U.S.C. § 846 |
| | * | 21 U.S.C. § 841(b)(1)© |
| VERSUS | * | 21 U.S.C. § 813 |
| | * | 21 U.S.C. § 802(32)(A) |
| | * | 18 U.S.C. § 1957 |
| | * | 18 U.S.C. § 1956(h) |
| ALEXANDER DERRICK REECE (01) | * | 18 U.S.C. § 371 |
| DREW T. GREEN (02) | * | |
| THOMAS WILLIAM MALONE, JR.(03) | * | JUDGE FOOTE |
| BOYD ANTHONY BARROW (04) | * | |
| JOSHUA ESPINOZA (05) | * | MAGISTRATE JUDGE HANNA |
| CURIOUS GOODS L.L.C. (06) | * | |
| RICHARD JOSEPH BUSWELL (07) | * | |
| DANIEL JAMES STANFORD (08) | * | |
| DANIEL PAUL FRANCIS (09) | * | |
| BARRY L. DOMINGUE (10) | * | |

### SUPERCEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1

### CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO DISTRIBUTE A SCHEDULE I CONTROLLED DANGEROUS SUBSTANCE

### 21 U.S.C. § 846

I.    **AT ALL TIMES RELEVANT TO THIS SUPERCEDING INDICTMENT**:

A.    A controlled substance analogue is a "designer drug" that resembles a controlled substance in molecular structure and actual or intended physiological effect.

-1-

B.  A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purpose of any federal law, as a controlled substance in Schedule I. 21 U.S.C. § 813.

C.  As of March 2011, the synthetic cannabinoid JWH-018 is a Schedule I controlled dangerous substance.

D.  CURIOUS GOODS L.L.C. is a business based in Lafayette, Louisiana that sold a product infused with synthetic cannabinoids called "Mr. Miyagi". The purchasers of "Mr. Miyagi" ingest it, typically by smoking it, in order to achieve a "high". The business was controlled by RICHARD JOSEPH BUSWELL and had multiple franchise outlets located in the Western District of Louisiana.

E.  NutraGenomics is a business based in Georgia and maintained a storage facility in California. The business was owned and operated by DREW T. GREEN and THOMAS WILLIAM MALONE, JR. This business supplied the synthetic cannabinoids AM-2201, JWH-081, JWH-250, and UR-144 to businesses and individuals located throughout the United States. This business supplied the synthetic cannabinoids used to manufacture "Mr. Miyagi".

F.  Pinnacle Products L.L.C. and Pinnacle Products Group (Pinnacle) are businesses controlled by BOYD ANTHONY BARROW and JOSHUA ESPINOZA based in Georgia. Pinnacle manufactured "Mr. Miyagi" and was the exclusive supplier of "Mr. Miyagi" to CURIOUS GOODS L.L.C. Pinnacle acquired   from NutraGenomics the synthetic cannabinoids utilized to

-2-

manufacture "Mr. Miyagi".

G.   ALEXANDER DERRICK REECE, through the businesses Mountain Industries L.L.C. and Blue Sky International Broker L.L.C., supplied the synthetic cannabinoids AM-2201, JWH-081, JWH-250, and UR-144 to NutraGenomics and other businesses and individuals throughout the Untied States.

H.   Retail Compliance Association (RCA) was incorporated in Louisiana by DANIEL JAMES STANFORD. RCA's Articles of Incorporation list DANIEL JAMES STANFORD as the Director and DANIEL PAUL FRANCIS as the President.  Through the RCA, DANIEL JAMES STANFORD and DANIEL PAUL FRANCIS trained, advised, and instructed the individual franchise owners of CURIOUS GOODS L.L.C. and their employees, on how to store, display and sell the "Mr. Miyagi" products, how to detect and evade law enforcement, and how to respond to customers who asked questions about how to use the "Mr. Miyagi" products and/or the physiological effects of the "Mr. Miyagi" products.

II.   **THE CONSPIRACY**

Beginning on or about March 1, 2011, and continuing until on or about July 25, 2012, in the Western District of Louisiana and elsewhere, the defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, and BARRY L. DOMINGUE, did knowingly and intentionally combine, conspire, confederate and agree

-3-

together, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States, that is, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of AM-2201, JWH-081, JWH-250, and UR-144, Schedule I controlled substance analogues as defined in 21 U.S.C. § 802(32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

III.   **OVERT ACTS**

In furtherance of this conspiracy and to effect and accomplish the objects thereof, one or more of the conspirators committed and/or caused to be committed, among others, the following overt acts:

A.   From on or about March 1, 2011 to on or about December 31, 2011, CURIOUS GOODS L.L.C., including the CURIOUS GOODS L.L.C. franchise store locations, deposited approximately $5,000,000.00 into their business checking accounts. During this same time period, CURIOUS GOODS L.L.C. paid Pinnacle, through a series of checks and wire transfers, approximately $1,500,000.00.

B.   From on or about March 1, 2011 to on or about December 31, 2011, Pinnacle paid THOMAS WILLIAM MALONE, Jr. approximately $900,000.00 in exchange for synthetic cannabinoids utilized to manufacture "Mr. Miyagi".

C.   From on or about March 1, 2011 to on or about December 31, 2011, THOMAS WILLIAM MALONE, Jr. paid DREW T. GREEN approximately $500,000.00 from the monies that he received from Pinnacle.

-4-

D.   From on or about March 1, 2011 to on or about September 16, 2011, DREW T. GREEN and THOMAS WILLIAM MALONE, Jr., through NutraGenomics, paid ALEXANDER DERRICK REECE, through Mountain Industry L.L.C. approximately $1,800,000.00  in exchange for bulk quantities of synthetic cannabinoids.

E.   From on or about September 19, 2011 to on or about May 1, 2012, DREW T. GREEN and THOMAS WILLIAM MALONE, Jr., through NutraGenomics, paid ALEXANDER DERRICK REECE, through Blue Sky International Broker L.L.C. approximately $345,000.00 in exchange for bulk quantities of synthetic cannabinoids.

F.   From on or about March 1, 2011 to on or about May 1, 2012, ALEXANDER DERRICK REECE, through Mountain Industry L.L.C. and Blue Sky International Broker L.L.C., supplied kilogram quantities of synthetic cannabinoids to DREW T. GREEN and THOMAS WILLIAM MALONE, Jr., through NutraGenomics.

G.   On or about December 7, 2011, a CURIOUS GOODS L.L.C. meeting was held at the residence of RICHARD JOSEPH BUSWELL. The attendees of this meeting included, but were not limited to, RICHARD JOSEPH BUSWELL, BOYD ANTHONY BARROW, JOSHUA ESPINOZA, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, and BARRY L. DOMINGUE.

H.   On or about December 8, 2011, an unindicted coconspirator gave DANIEL JAMES STANFORD approximately $80,000.00 in U.S. currency.

-5-

I.   On or about November 17, 2011, the CURIOUS GOODS L.L.C. retail franchise store located in Kaplan, Louisiana had a sign posted outside of the store that stated, "Keep off the grass, get Mr. Myagi."

J.   On or about October 27, 2011, BARRY L. DOMINGUE sent DANIEL JAMES STANFORD an email that indicated AM-2201 was the synthetic cannabinoid in "Mr. Miyagi".   The email indicated that two sets of lab reports were attached.

K.   From on or about July 11, 2011 to on or about December 6, 2011, DANIEL JAMES STANFORD received checks totaling approximately $156,921.00 from Pinnacle and CURIOUS GOODS L.L.C.

L.   From on or about March 21, 2011 to on or about December 7, 2011, BARRY DOMINGUE received checks totaling approximately $91,319.00 from Pinnacle and CURIOUS GOODS L.L.C.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(c), 813, and 802(32)(A).  [21 U.S.C. §§ 846, 841(b)(1)(c), 813, and 802(32)(A)].

## COUNT 2

### CONSPIRACY TO INTRODUCE AND CAUSE TO BE INTRODUCED MISBRANDED DRUGS INTO INTERSTATE COMMERCE

### 18 U.S.C. § 371

I.   **AT ALL TIMES RELEVANT TO THIS INDICTMENT:**

A.   The United States Food and Drug Administration (FDA) is the federal agency with the United States Department of Health and Human Services (DHHS) charged with the responsibility for protecting the health and safety of the

American public by ensuring that drugs are safe and effective and properly labeled for their intended uses before they can be legally marketed in interstate commerce. The drug's manufacturer and re-packager are required to comply with all applicable provisions of the Federal Food, Drug, and Cosmetic Act (Act), 21 U.S.C. § 321, et seq., and its implementing regulations.

B.    The Act prohibits, among other things, the following:

    1.    Causing the introduction, or delivery for introduction, into interstate commerce, misbranded drugs, and introducing, or delivering for introduction, into interstate commerce misbranded drugs;

    2.    The misbranding of any drug in interstate commerce;

    3.    The receipt in interstate commerce of any drug that is misbranded, and the delivery thereof for pay or otherwise; or

    4.    The manufacture of any drug that is misbranded. 21 U.S.C.§331(a).

C.    The Act defines a drug to include articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals, or intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g).

D.    Under the Act, a drug is deemed to be misbranded:

    1.    if its labeling was false or misleading in any particular, 21 U.S.C. § 352(a);

    2.    if in package form, unless it bore a label containing, among other things, the name, place of business of the manufacturer, packer, or

-7-

distributer,  21 U.S.C. § 352(b); or

    3.     if it failed to bear adequate directions for its use, 21 U.S.C. § 352(f)(1).

E.     Additionally, the Government incorporates by reference Section I, paragraphs D through H of Count 1.

II.   **THE CONSPIRACY**

Beginning on or about March 1, 2011, and continuing until on or about December 31, 2011, in the Western District of Louisiana and elsewhere, the defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, and BARRY L. DOMINGUE, with the intent to defraud and mislead, did knowingly and intentionally combine, conspire, confederate and agree together, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, contrary to Title 21, United States Code, Section 331, receive, manufacture, package, hold for sale, distribute, introduce, and cause the introduction of, in interstate commerce, drugs that were misbranded within the meaning of Title 21 United States Code, Section 352(a), (b),and (f), in that their labeling was:

    1.     false and misleading;

    2.     lacked the name and place of business of the manufacturer; or

    3.     lacked adequate directions for use.

III.   **OBJECT OF THE CONSPIRACY**

The object of the conspiracy was to obtain and distribute, in interstate commerce, to consumers and other distributors, misbranded drugs for profit.

IV.   **OVERT ACTS**

In furtherance of this conspiracy and to effect and accomplish the objects thereof, one or more of the conspirators committed and/or caused to be committed, among others, the following overt acts:

A.   Through the duration of this conspiracy, certain conspirators packaged the synthetic drug, "Mr. Miyagi", into packaging that on the exterior stated, "**Directions for use**: Use contents to refresh scent in the home, drawers, closets, the car, etc. Simply open package and let out our proprietary blend of herbs and botanicals release a warm pleasant aroma that refreshes the air. **Warning**: Our Potpourri is not for human consumption. Keep out of reach of children and pets. **Ingredients**: Exotic Blend of Herbs, Plants and Botanicals. As of this printing, this product complies with all U.S. federal laws."

B.   On or about December 7, 2011, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, BOYD ANTHONY BARROW, JOSHUA ESPINOZA, and RICHARD JOSEPH BUSWELL, among others, attended and participated in a meeting that occurred at RICHARD JOSEPH BUSWELL's residence located in Lafayette, Louisiana.  During this meeting, DANIEL JAMES STANFORD and DANIEL PAUL FRANCIS trained, advised, and instructed

the individual franchise owners of CURIOUS GOODS L.L.C. and their employees, on how to store, display and sell the "Mr. Miyagi" products, how to detect and evade law enforcement, and how to respond to customers who asked questions about how to use the "Mr. Miyagi" products and/or the physiological effects of the "Mr. Miyagi" products. During this same meeting, the individual franchise owners of CURIOUS GOODS L.L.C. were advised that they had to join the RCA and pay the RCA an amount of money that would be based upon each store's volume of sales.

All in violation of Title 18, United States Code, Section 371 and Title 21, Untied States Code, Section 331, 333(a)(2), and 352(a), (b), and (f). [18 U.S.C. § 371,21 U.S.C. §§ 331, 333(a)(2), and 352(a), (b), and (f)].

**COUNT 3**

**MONEY LAUNDERING CONSPIRACY**

**18 U.S.C. § 1956(h)**

I.    **THE CONSPIRACY**

From March 1, 2011 to on or about May 1, 2012 , in the Western District of Louisiana, and elsewhere, the defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, and BARRY L. DOMINGUE, did conspire, confederate and agree with one another and with others, both known and unknown to the Grand Jury, to commit the following offense against the United States, that is, money laundering, in violation of Title

-10-

18, United States Code, Section 1956 and 1957 as follows:

    A.    To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, to wit: the distribution of a mixture and substance containing a detectable amount of AM-2201, JWH-081, JWH-250 and UR-144, Schedule I controlled substance analogues as defined in 21 U.S.C. § 802 (32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I).

    B.    Knowingly engaged or attempted to engage in monetary transactions, by, through or to, financial institutions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 that was derived from specified unlawful activity, to wit: the distribution of a mixture and substance containing a detectable amount of AM-2201, JWH-081, JWH-250 and UR-144, Schedule I controlled substance analogues as defined in 21 U.S.C. § 802 (32)(A), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813 in violation of Title 18, United States Code, Section 1957(a).

## II.   MANNER AND MEANS

The manner and means included, among others, the following:

A.   Certain conspirators purchased multi-kilogram quantities of AM-2201,JWH-081, JWH-250, UR-144, and various other synthetic cannabinoids from suppliers in China and elsewhere.

B.   Certain conspirators sold kilogram quantities of AM-2201, JWH-081, JWH-250, UR-144, and various other synthetic cannabinoids to mid-level wholesalers, convenience stores, head shops, smoke shops, and gas stations throughout the United States.

C.   Certain conspirators created and manufactured a product infused with AM-2201, UR-144 JWH-081, or JWH-250, or a combination there of, called "Mr. Miyagi."

D.   Certain conspirators sold "Mr. Miyagi" to CURIOUS GOODS L.L.C.

E.   A large portion of the drug proceeds acquired from the sale of "Mr. Miyagi", AM-2201, JWH-081, JWH-250, and UR-144 were deposited into financial institutions throughout the United States.

F.   After the drug proceeds were deposited into financial institutions throughout the Untied States, certain conspirators conducted financial transactions from the financial institutions that received the drug proceeds and purchased additional quantities of "Mr. Miyagi", AM-2201, JWH-081, JWH-250, and UR-144 in order to promote the carrying on of the specified unlawful activity alleged above and charged in Count 1 of this Superceding Indictment.

G.    Certain conspirators conducted financial transactions with drug proceeds in
excess of $10,000.00.

All in violation of Title 18, United States Code, Section 1956(h). [18 U.S.C. § 1956(h)]

## COUNT 4

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about October 28, 2011, in the Western District of Louisiana, the defendants,
BOYD ANTHONY BARROW, JOSHUA ESPINOZA, and DANIEL JAMES STANFORD,
each aiding and abetting the other, did knowingly engage and attempt to engage in a
monetary transaction by, through or to a financial institution, affecting interstate commerce,
in criminally derived property of a value greater than $10,000.00, that is, deposited a
$12,500.00 check from Pinnacle Products, L.L.C., check # 2091, singed by BOYD
ANTHONY BARROW, into DANIEL JAMES STANFORD's personal savings account at
Teche Federal Bank, Account # XXXXX810, such property having been derived from a
specified unlawful activity, that is, derived from the sale of a controlled substance
analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United
States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 5

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about November 14, 2011, in the Western District of Louisiana, the
defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding

-13-

and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $12,500.00 cashiers check from CURIOUS GOODS L.L.C., check # 266012, made payable to DANIEL STANFORD, into DANIEL JAMES STANFORD's personal savings account at Teche Federal Bank, Account # XXXXX810, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

**COUNT 6**

**MONEY LAUNDERING**

**18 U.S.C. § 1957**

On or about November 17, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $15,000.00 temporary check from CURIOUS GOODS L.L.C., signed by RICHARD JOSEPH BUSWELL, into DANIEL JAMES STANFORD's trust account at Saint Landry Bank and Trust, Account # XXXX632, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code

-14-

Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 7

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about November 18, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $25,000.00 temporary check from CURIOUS GOODS L.L.C., signed by RICHARD JOSEPH BUSWELL, into DANIEL JAMES STANFORD's trust account at Saint Landry Bank and Trust, Account # XXXX632, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 8

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about November 28, 2011, in the Western District of Louisiana, the defendants, DANIEL JAMES STANFORD, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is,

DANIEL JAMES STANFORD issued a $25,000.00 check, check # 0555, that was drawn from his trust account at Saint Landry Bank and Trust, Account # XXXX632, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 9

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about November 28, 2011, in the Western District of Louisiana, the defendants, DANIEL JAMES STANFORD, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, DANIEL JAMES STANFORD issued a $15,000.00 check, check # 0556, that was drawn from his trust account at Saint Landry Bank and Trust, Account # XXXX632, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 10

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about November 28, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $12,500.00 check from CURIOUS GOODS L.L.C., check # 1014, signed by RICHARD JOSEPH BUSWELL, into DANIEL JAMES STANFORD's personal savings account at Teche Federal Bank, Account # XXXXX810, such property having been derived from a specified unlawful activity, that is, derived from the sale of controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 11

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about November 30, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a

$19,000.00 check from CURIOUS GOODS L.L.C., check # 1017, signed by RICHARD JOSEPH BUSWELL, into DANIEL JAMES STANFORD's personal savings account at Teche Federal Bank, Account # XXXXX810, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 12

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about the December 6, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and DANIEL JAMES STANFORD, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $16,250.00 temporary check from CURIOUS GOODS L.L.C., signed by RICHARD JOSEPH BUSWELL, into DANIEL JAMES STANFORD's personal savings account at Teche Federal Bank, Account # XXXXX810, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 13

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about January 18, 2012, in the Western District of Louisiana, the defendant, DANIEL JAMES STANFORD, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, transferred $200,000.00 from his personal savings account at Teche Federal Bank, Account # XXXXX810, to his mortgage trust account at the same financial instition, such property having been commingle with property derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2. [18 U.S.C. §§ 1957 and 2].

## COUNT 14

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about September 29, 2011, in the Western District of Louisiana, the defendants, BOYD ANTHONY BARROW, JOSHUA ESPINOZA, and BARRY L. DOMINGUE, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited a $20,000.00 check from Pinnacle Products, check # 2506, signed by BOYD

ANTHONY BARROW, into BARRY L. DOMINGUE's JP Morgan Chase account #XXXXXX211, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2. [18 U.S.C. §§ 1957 and 2].

## COUNT 15

## MONEY LAUNDERING

## 18 U.S.C. § 1957

On or about November 21, 2011, in the Western District of Louisiana, the defendants, RICHARD JOSEPH BUSWELL and BARRY L. DOMINGUE, each aiding and abetting the other, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, deposited $12,000.00 cashiers check from CURIOUS GOODS L.L.C., check # 266494, into BARRY L. DOMINGUE's JP Morgan Chase account # XXXXXX211, such property having been derived from a specified unlawful activity, that is, derived from the sale of a controlled substance analogue, a Schedule I controlled dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.  [18 U.S.C. §§ 1957 and 2].

## COUNT 16

## MONEY LAUNDERING

### 18 U.S.C. § 1957

On or about December 6, 2011, in the Western District of Louisiana, the defendants,

RICHARD JOSEPH BUSWELL and BARRY L. DOMINGUE, each aiding and abetting the

other, did knowingly engage and attempt to engage in a monetary transaction by, through

or to a financial institution, affecting interstate commerce, in criminally derived property of

a value greater than $10,000.00, that is, cashed a $21,000.00 cashiers check, from

CURIOUS GOODS L.L.C., check #267301, made payable to BARRY L. DOMINGUE, at

MidSouth Bank, such property having been derived from a specified unlawful activity, that

is, derived from the sale of a controlled substance analogue, a Schedule I controlled

dangerous substance, all in violation of Title 18, United States Code Sections 1957and 2.

[18 U.S.C. §§ 1957 and 2].

## FORFEITURE ALLEGATION

### 21 U.S.C. § 853

A.      The allegations contained in Count 1 are incorporated by reference for the

purpose of alleging forfeitures pursuant to the provisions of Title 21, United States Code,

Section 853. [21 U.S.C. § 853].

B.      As a result of the violations in Count 1 of this Superceding Indictment, the

defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM

MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS

L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, DANIEL PAUL

FRANCIS, and BARRY L. DOMINGUE, shall forfeit to the United States any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of said violations, and any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations, such property includes but is not limited to the following:

1.   CASH PROCEEDS

    a)   Approximately $20,000,000.00 in proceeds derived by the defendants directly or indirectly as a result of their drug trafficking violations.

    b)   $341,859.37 seized on December 8, 2011 from MidSouth Bank Account # XXXX592, a checking account registered to Pinnacle Products L.L.C.

    c)   $94,355.36 seized on December 8, 2011 from MidSouth Bank Account # XXXX290, a checking account registered to CURIOUS GOODS L.L.C.

    d)   $26,025.38 seized on December 8, 2011 from MidSouth Bank Account # XXXX347, a checking account registered to CURIOUS GOODS L.L.C.

2.   OTHER PROPERTY

    a)   2006 Mercedes Benz X65 Sedan, VIN# WDBNG79J06A473372

    b)   2005 Baja Outlaw Speed Boat, HULL# US AGC48104D505; and

    c)   2002 Pontiac Firebird VIN# 2G2FV22G422119810.

    d)   A parcel of land, with all buildings and improvements, more specifically described as: that certain parcel of ground, together with

all improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging and all appurtenances thereof, being known and designated as LOT FOURTEEN (14) of PATIN PLACE SUBDIVISION, a subdivision of the Parish of Lafayette, Louisiana on that certain plat of survey, showing the resubdivision of Lots 13 and 14, prepared by C.P.S. Engineering and Land Surveying, Inc., attached to that act recorded under Entry No. 96-16869 of the records of Lafayette Parish, Louisiana and made part hereof by reference, and being described with reference thereto as having a frontage on Branton Drive and as having such dimensions, boundaries and measurements as are more fully shown on said plat of survey. Improvements bear municipal address: 120 Branton Drive, Lafayette, LA 70508, currently registered in the name of DANIEL JAMES STANFORD.

C.      By virtue of the commission of the offenses charged in this Superceding Indictment by the defendants, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 21, United States Code, Section 853.

D.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

1.      cannot be located upon the exercise of due diligence;

2.      has been transferred or sold to, or deposited with, a third person;

3.      has been placed beyond the jurisdiction of the Court;

-23-

    4.     has been substantially diminished in value; or

    5.     has been co-mingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property identified as being subject to forfeiture.

All in violation of Title 21, United States Code, Section 853.  [21 U.S.C. § 853].

## FORFEITURE ALLEGATION

### 18 U.S.C. § 982

A.    The allegations contained in Counts 3 - 16 are incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(1). [18 U.S.C. § 981].

B.    As a result of the violations in Count 3 of this Superceding Indictment, the defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, and BARRY L. DOMINGUE, shall forfeit to the United States any property real or personal, involved in said offenses, or any property traceable to such property. Such property includes but is not limited to the following:

1.    CASH PROCEEDS

    a)    Approximately $10,000,000.00 in laundered proceeds derived by the defendants directly or indirectly as a result of their drug trafficking violations.

b)   $341,859.37 seized on December 8, 2011 from MidSouth Bank Account # XXXX592, a checking account registered to Pinnacle Products L.L.C.

c)   $94,355.36 seized on December 8, 2011 from MidSouth Bank Account # XXXX290, a checking account registered to CURIOUS GOODS L.L.C.

d)   $26,025.38 seized on December 8, 2011 from MidSouth Bank Account # XXXX347, a checking account registered to CURIOUS GOODS L.L.C.

e)   Approximately $124,750.00 in drug trafficking proceeds that DANIEL JAMES STANFORD conducted financial transactions with in violation of Title 18, United States Code, Section 1957.

f)   Approximately $53,000.00 in drug trafficking proceeds that BARRY L. DOMINGUE conducted financial transactions with in violation of Title 18, United States Code, Section 1957.

2.   OTHER PROPERTY

a)   2006 Mercedes Benz X65 Sedan, VIN# WDBNG79J06A473372

b)   2005 Baja Outlaw Speed Boat, HULL# US AGC48104D505; and

c)   2002 Pontiac Firebird VIN# 2G2FV22G422119810.

d)   A parcel of land, with all buildings and improvements, more specifically described as: that certain parcel of ground, together with all improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging and all

-25-

appurtenances thereof, being known and designated as LOT FOURTEEN (14) OF PATIN PLACE SUBDIVISION, a subdivision of the Parish of Lafayette, Louisiana on that certain plat of survey, showing the resubdivision of Lots 13 and 14, prepared by C.P.S. Engineering and Land Surveying, Inc., attached to that act recorded under Entry No. 96-16869 of the records of Lafayette Parish, Louisiana and made part hereof by reference, and being described with reference thereto as having a frontage on Branton Drive and as having such dimensions, boundaries and measurements as are more fully shown on said plat of survey. Improvements bear municipal address: 120 Branton Drive, Lafayette, LA 70508, currently registered in the name of DANIEL JAMES STANFORD.

C.     By virtue of the commission of the offenses charged in Counts 3-16 of this Superceding Indictment by the defendants, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

D.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

1.     cannot be located upon the exercise of due diligence;

2.     has been transferred or sold to, or deposited with, a third person;

3.     has been placed beyond the jurisdiction of the Court;

4.     has been substantially diminished in value; or

5.     has been co-mingled with other property which cannot be subdivided

-26-

without difficulty;

it is the intent of the United States pursuant to Title 18, United States Code, Section 982(b)(1)(A) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, ALEXANDER DERRICK REECE, DREW T. GREEN, THOMAS WILLIAM MALONE, JR., BOYD ANTHONY BARROW, JOSHUA ESPINOZA, CURIOUS GOODS L.L.C., RICHARD JOSEPH BUSWELL, DANIEL JAMES STANFORD, DANIEL PAUL FRANCIS, and BARRY L. DOMINGUE, up to the value of the property identified above as being subject to forfeiture.

All in violation of Title 18, United States Code, Section 982(a)(1). [18 U.S.C. § 982(a)(1)].

A TRUE BILL:

*REDACTED*

STEPHANIE A. FINLEY
United States Attorney

J. COLLIN SIMS, ID # 30727
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: 337-262-6618